[Crim. No. 5401.  Second Dist., Div. One.  Dec. 20, 1955.]

THE PEOPLE, Respondent, v. WILBUR GARFIELD HICKS, Appellant.

Morris Lavine for Appellant.

Edmund G. Brown, Attorney General, and James C. Maupin, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment.

Defendant was adjudged guilty by a jury of two counts of violating section 288 of the Penal Code.

It is contended by appellant that,

"I—The Evidence is insufficient to support the verdicts; the verdicts are contrary to the law and the evidence.

"II—There is absolutely no proof of any intent as specified in the statute.

"III—The court failed to give the jury proper instructions, or any instructions, regarding the law of the case relating to the offense. It was mandatory for the court to give instructions: (1) On the law of specific intent to commit the particular crime charged; (2) On circumstantial evidence Neither of these instructions was given."

The alleged victims were two boys age 7 years. The offense was committed in the back yard near, or in front of, an incinerator. The two boys, victims of the offense, were playing in the back yard. The two boys described the acts of appellant, the details of which are characteristic of such offenses and need not be detailed here. The first offense occurred on June 29th, the second on June 30th. The second offense was witnessed by two officers who were there for an investigation.

▉ There is no merit to the appeal. That the evidence is sufficient, as a matter of law, there is no question. The evidence of intent is also sufficient. An examination of instructions reveals no prejudicial error; they were sufficient. Incidentally, no instructions were requested by appellant. No prejudicial errors appear in the record.

The judgment is affirmed.

White, P. J., and Ashburn, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 18, 1956.

*Assigned by Chairman of Judicial Council.